## HOUSTON *vs.* MARSH.

*Sixth Judicial District Court, April,* 1857.

### CHANGE OF VENUE.

The court will change the place of trial in a transitory action, and remove it to the county where the principal transactions occurred. Goodrich *vs.* Vanderbilt, 7 How P. R., 467—sustained.

————, for plaintiff.

————, for defendant.

Motion to change the venue to Nevada county.

MUNSON, J.—It appearing from the affidavits that the defendant, at the time of making the contract sued on, was one of the Supervisors of Nevada county, and, as such, employed plaintiff to do certain work upon the Court House and jail of that county. After the work was completed defendant presented his account to the Board of Supervisors for allowance, but it was rejected for the reason that defendant had not been authorized to contract with plaintiff; plaintiff then sued the county of Nevada, but was defeated because he could not show that defendant was authorized by the county to make the contract. He now sues defendant individually. Defendant asks for a change of venue on the following grounds:

1st. That the convenience of witnesses and ends of justice will be promoted by it.

2d. That the contract was made by defendant as a public officer, and, under section nineteen of the act regulating proceedings in civil cases, the action is local and must be tried in Nevada county.

Admitting this to be a transitory action, yet it is admitted by both plaintiff and defendant that the contract upon which the action is founded, and all the transactions relating to it, occurred in Nevada county. It is now a well established rule, that the place of trial of a transitory action should be in the county where the principal transactions between the parties occurred, unless the preponderance of witnesses is so great as to warrant the court in retaining the place of trial in another county, or unless it is demanded by some other good cause satisfactorily shown to exist. Goodrich *vs.* Vanderbilt, 7 How P. R., p. 467. Applying this rule to this case, the court is compelled to sustain this motion, for the preponderance of witnesses is in favor of the defendant; consequently, the convenience of a majority of the witnesses will be consulted by the change, which, with the fact that the cause of action originated in Nevada, and no satisfactory reason against the change having been shown to exist, seems to render the granting of the motion imperative. Goodrich *vs.* Vanderbilt, 7 How P. R., p. 467. The motion is sustained and a change of the place of trial to Nevada county ordered.